# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 13-0613-WS-B ) |
| URSULA C. ALLEN, *et al.*, | ) ) |
| Defendants. | ) |

## ORDER

This interpleader action comes before the Court on plaintiff's Motion to Discharge (doc. 29). Defendant Carla Walker has timely filed an Objection (doc. 33), and the Motion is now ripe for disposition.

Plaintiff, John Hancock Life Insurance Company (U.S.A.) ("John Hancock"), initiated this matter to resolve defendants' competing claims to certain annuity benefits. In the Complaint in Interpleader (doc. 1), John Hancock explained that it had issued an annuity contract bearing number FX07102989 (the "Annuity") back in December 2005. The Annuity owner, Ulysses Allen, died on June 11, 2013, after which John Hancock stood ready to pay out the Annuity benefits due and owing in the amount of approximately $88,000. However, John Hancock received competing claims to those benefits from defendants Ursula C. Allen and Carla L. Walker, with their dispute centering on the legitimacy of a Change of Owner and/or Beneficiary Form dated September 2, 2011, and purporting to document Ulysses Allen's desire to change the Annuity's primary beneficiary from "Estate" to Ursula C. Allen. (Carla L. Walker purports to be the Executor of Ulysses Allen's will and the beneficiary of his estate.) Defendant Walker insists that the change of beneficiary form is fraudulent, and that defendant Allen forged Ulysses Allen's signature on that document. By contrast, defendant Allen's position is that the change of beneficiary form is *bona fide*, legitimate and enforceable.

Faced with these competing claims to the Annuity benefits, and claimants demonstrating inability or unwillingness to resolve their dispute amicably, John Hancock sought refuge under

the interpleader mechanism authorized by Rule 22 of the Federal Rules of Civil Procedure. Following service of process, Allen and Walker each appeared herein by and through counsel and filed Answers (docs. 7, 13); however, neither defendant has interposed counterclaims against John Hancock. The sole claim joined herein, then, is John Hancock's request for relief under the interpleader provisions of Rule 22.

On April 25, 2014, this Court entered an Order (doc. 21) directing John Hancock to deposit with the Clerk of Court interpleaded funds in the sum of $88,000, plus interest thereon as required by law, pursuant to Rule 67(a), Fed.R.Civ.P. On May 2, 2014, John Hancock complied by depositing the sum of $93,387.32 with the Clerk of Court, for deposit into the Registry of this District Court. (*See* doc. 22.)[1] Those funds are presently on deposit in an interest-bearing account in the Court Registry Investment System, pending final adjudication of the conflicting claims brought by Ursula C. Allen and Carla L. Walker.

Having deposited the disputed Annuity benefits, plus applicable interest, in the Registry of this District Court, John Hancock moved to be discharged from this action and from any liability to Allen and Walker in connection with its Annuity policy number FX07102989. Defendant Allen did not respond within the time period fixed by this Court; however, defendant Walker timely submitted an Objection (doc. 33).[2] The sole stated basis for Walker's Objection is her disagreement with John Hancock's statement that it mailed a letter to Ulysses Allen on September 9, 2011 notifying him of its receipt of the Change of Beneficiary Form and alerting him that John Hancock would accept same as valid unless he contacted them. Walker asserts in her Objection that "[t]he receipt of the letter should be determined by the trier of fact, and John

---

[1] At no time has any party objected to the sum that John Hancock interpleaded, or suggested that such funds are insufficient to pay in full John Hancock's obligations under the Annuity.

[2] Walker's decision to file an Objection to John Hancock's request for discharge is perplexing because it conflicts with Walker's own stated position in this action. On August 18, 2014, the parties jointly filed a Report of Settlement Conference (doc. 27), bearing the electronic signatures of counsel for all parties (including Walker's attorney of record). This Report stated, without dissent from Walker or anyone else, that "the parties are in agreement that John Hancock is entitled to a nominal fee for filing this action and John Hancock has no further interest in the outcome of the case and is due to be discharged." (Doc. 27, ¶ 1.) Walker does not explain why she signed off on a document agreeing that John Hancock was "due to be discharged" on August 18, only to file a formal Objection to such discharge barely three weeks later.

Hancock should not be discharged prior to making this determination." (Doc. 33, at 2.) Walker elaborates that, in her view, questions concerning "the mailing and receipt of this letter should be heard before a trier of fact and not determined based on pleadings alone." (*Id.*)

Upon careful review of Walker's Objection, the undersigned concludes that she misapprehends the relief being sought by John Hancock. Contrary to Walker's contention, John Hancock is not asking this Court to make a definitive factual finding whether it did or did not mail a notice to Ulysses Allen on September 9, 2011 concerning the change of beneficiary issue. Whether John Hancock mailed such a letter, and whether Ulysses Allen ever received same, is irrelevant to John Hancock's discharge request. No one is asking this Court to make a finding "based on pleadings alone" as to whether the September 9 letter was or was not sent, or was or was not received by the Annuity owner. And nothing in the discharge relief requested by John Hancock would preclude or limit Walker's ability to argue at trial that Ulysses Allen never received the September 9 notice. Because Walker's opposition to John Hancock's discharge is predicated on fears of a factual determination that John Hancock has not requested and that this Court need not and does not make at this time, her Objection rests on a mistaken premise and is therefore **overruled**. Regardless of John Hancock's discharge or not from this interpleader action, Walker remains free to present any available, admissible evidence and argument to the trier of fact at trial that Ulysses Allen never received the September 9 letter (or that John Hancock never mailed such a letter). Discharging John Hancock would in no way eliminate or curtail that line of argument from the trial.

Returning to the original question of John Hancock's Motion for Discharge, federal courts have routinely discharged a stakeholder in a rule interpleader action from all liability to multiple competing claimants/defendants after the stakeholder deposits the full amount of its obligations to such claimants with the court. *See, e.g., Sun Life Assur. Co. of Canada v. Thomas*, 735 F. Supp. 730, 732 (W.D. Mich. 1990) ("the interpleader rule provides that a neutral stakeholder asserting no claim to the disputed funds and having surrendered the disputed funds to the custody of the Court should be discharged from the action") (citations omitted).[3] In this case,

---

[3] *See also Allianz Life Ins. v. Agorio*, 852 F. Supp.2d 1163, 1168 (N.D. Cal. 2012) (opining that "discharge is proper because Plaintiff is a disinterested party that has deposited the full amount of the sought-after funds with the court"); *General Acc. Group v. Gagliardi*, 593 F. Supp. 1080, 1087 (D. Conn. 1984) (in rule interpleader context, "the general equitable powers of (Continued)

John Hancock has deposited the full amount of the disputed Annuity benefits (including accrued interest) with the Clerk of Court. Despite being given a full and fair opportunity to do so, neither defendant identified any reason why the funds proffered by John Hancock are inadequate or incomplete to satisfy in full its obligations under the subject Annuity. Both defendants have previously agreed in writing that John Hancock is due to be discharged from this action. No counterclaims have been asserted by anyone, and there is no suggestion of bad faith or other misconduct by John Hancock in connection with the Annuity or the claims handling process.[4]

For all of the foregoing reasons, John Hancock's Motion to Discharge (doc. 29) is **granted**. On that basis, it is **ordered** as follows:

1. Plaintiff, John Hancock Life Insurance Company (U.S.A.) is hereby **dismissed** and **discharged with prejudice** from this action and from any further liability or

---

the court permit, if not invite, the court to receive a deposit and thereafter discharge the stakeholder"); *Metropolitan Life Ins. Co. v. Wolfe*, 2013 WL 425852, *1 (W.D.N.C. Feb. 4, 2013) ("Plaintiff is a disinterested stakeholder faced with adverse claims to the Decedent's account. … Interpleader is appropriate in this case and Plaintiff is discharged."); *North American Co. for Life and Health Ins. v. Dye*, 2012 WL 4760907, *2 (M.D. Fla. Aug. 24, 2012) ("Plaintiff makes no claim to the *res* and deposited it into the court registery [*sic*]. Thus, Plaintiff is entitled to interpleader relief and should be dismissed from this action with prejudice."); *American General Life Ins. Co. v. Jones*, 2008 WL 4949847, *1 (S.D. Ala. Nov. 13, 2008) ("As a general matter, a stakeholder who brings a rule interpleader action is entitled to be discharged from any and all liability to the claimants/defendants where there is no longer any material controversy concerning its obligations to those claimants.").

[4] Of course, any such counterclaims could affect the discharge calculus. *See, e.g., Prudential Ins. Co. of America v. Hovis*, 553 F.3d 258, 264 (3rd Cir. 2009) ("the normal rule is that interpleader protection does not extend to counterclaims that are not claims to the interpleaded funds"); *William Penn Life Ins. Co. of New York v. Viscuso*, 569 F. Supp.2d 355, 361 (S.D.N.Y. 2008) ("Where there are multiple claims to the stake as well as counterclaims against the stakeholder, interpleader is proper, and the court may discharge the plaintiff from liability on the stake but retain jurisdiction over the plaintiff for purposes of adjudicating the counterclaims."); *Michelman v. Lincoln Nat'l Life Ins. Co.*, 2010 WL 3212008, *4 (W.D. Wash. Aug. 10, 2010) (declining to discharge interpleader stakeholder against whom claimant had brought counterclaims of bad faith because "the insurer cannot refuse to communicate with its insured, fail to process claims in a timely manner, force its insured to file suit to obtain coverage, and then by the mere deposit of the principal amount of cash surrender value wash its hands of all other claims") (citation and internal quotation marks omitted). But the fact remains that no counterclaims have been interposed herein, and the deadline established by the Rule 16(b) Scheduling Order for doing so expired back on May 30, 2014 (*see* doc. 19); therefore, the prospect of counterclaims against the stakeholder is a non-factor here.

obligations to defendants, Ursula C. Allen and Carla L. Walker, arising from that certain annuity contract bearing number FX07102989 and purchased by Ulysses Allen;

2. In light of that determination, the Clerk of Court is directed to **terminate** John Hancock as a party to these proceedings;

3. The Court will retain jurisdiction over the interpleaded funds and will adjudicate the claimants' competing claims to such funds in accordance with the Rule 16(b) Scheduling Order (doc. 19) entered by Magistrate Judge Bivins;

4. Any taxation of costs in this action shall await final disposition of the competing claims to the interpleaded funds, but in no event shall costs be taxed against John Hancock; and

5. Notwithstanding its dismissal and discharge, John Hancock is expected to provide reasonable cooperation to defendants with regard to their requests for information, documentation and trial testimony pertaining to the subject Annuity; provided, however, that nothing herein enlarges or amends the applicable discovery deadlines specified in the Scheduling Order.

DONE and ORDERED this 19th day of September, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE