# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION 13-0613-WS-B<br>) |
| URSULA C. ALLEN, *et al.*, | )<br>) |
| Defendants. | ) |

## ORDER

In the evening hours of October 1, 2014, there was a sudden flurry of filing activity in this interpleader case involving competing claims for a decedent's annuity benefits. Defendant Carla Walker filed two iterations of a Motion for Leave to File Motion for Joinder (docs. 36 & 37), as well as a Motion to Stay Proceedings (doc. 38). A mere three hours later, as midnight drew nigh, defendant Ursula C. Allen filed her Objection to Motion to Join Additional Party and to Request to Stay Proceedings (doc. 39).

As an initial matter, the earlier-filed version of Walker's Motion for Leave to File Motion for Joinder (doc. 36) was superseded by the second iteration she filed just minutes later. Thus, the first version of the Motion for Leave to File Motion for Joinder (doc. 36) is **moot**.

With regard to the second Motion, it is not necessary under the Federal Rules of Civil Procedure or the Local Rules of this District Court for a party to obtain leave of court before filing a motion for joinder; rather, the party may simply file the underlying motion. Walker has attached her Motion for Joinder as an exhibit to her second Motion for Leave to File Motion for Joinder. In the interests of expedience and efficiency, the Court will construe Walker's second Motion for Leave to File Motion for Joinder (doc. 37) as the Motion for Joinder itself. The request for leave of court will be disregarded as superfluous, and document 37 will be construed as simply the Motion for Joinder, to which Allen has already filed Objection (doc. 39). If Walker wishes to be heard further on her Motion for Joinder in response to that Objection, she

must file a reply, supported by authority as appropriate, on or before **October 7, 2014**. The Motion for Joinder will be taken under submission after that date.

The remaining issue is the Motion to Stay Proceedings (doc. 38), in which Walker requests that "the Court enter an order staying these proceedings, pending the joinder of the Administrator *ad colligendum* of the Estate of Ulysses Allen," as sought by the pending Motion for Joinder. Walker indicates her belief that "interests of justice would not be served" if this action were to proceed without joinder of said Administrator, but does not otherwise elaborate. Although she does not say so, the timing of Walker's Motion to Stay appears to be motivated by her imminent deadline of October 6, 2014 to respond to Allen's pending Motion for Summary Judgment. (*See* doc. 32.) A reasonable inference is that Walker is attempting to postpone filing her summary judgment brief until such time as the Administrator has been joined.

District courts are vested with broad discretion to stay proceedings, which authority is incidental to their inherent powers to control their dockets and the course of particular litigation. *See Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").[1] Nonetheless, Walker has identified neither a compelling reason nor good cause to warrant exercising that discretion here. The Court is aware of no reason why Walker might be unable to respond to the pending Motion for Summary Judgment antecedent to a ruling on her Motion for Joinder. More fundamentally, any difficulties that Walker might face in this regard would appear to be entirely of her own creation, given that she delayed filing her Motion for Joinder until five days before her summary judgment brief was due. Walker has offered no explanation for the timing of her Motion for Joinder, and certainly does not suggest that anything prevented her from filing it earlier. The uncertainty of the outcome of the Motion for Joinder at the time when Walker must file her summary judgment brief is an eminently foreseeable byproduct of her own actions. Besides, any dilemma that Walker might face in crafting her

---

[1] *See also Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("district courts have inherent, discretionary authority to issue stays in many circumstances").

summary judgment brief without knowing whether the Administrator is in or out of the case may be attenuated by simply presenting her arguments in the alternative (*i.e.*, "if the Administrator is joined, then the summary judgment motion should be denied because X," "if the Administrator is not joined, then the summary judgment motion should be denied because Y").

Nor would there be any perceptible prejudice accruing to the Administrator if the case moves forward at this time. The Administrator has never asked to be joined as a party defendant in this matter. Indeed, there are uncontroverted indications in the record that, despite knowledge of the nature and pendency of this litigation, the Administrator has disclaimed any desire to enter the fray or to contest the challenged annuity beneficiary designation. This fact undercuts Walker's contention that it would be contrary to the interests of justice "if the proceedings were to continue without all parties bearing interests having been joined to this action." (Doc. 38, at ¶ 2.) The Administrator's conduct belies any indication that he will suffer prejudice if this lawsuit goes on without him (at least for the time being). And surely, Walker can adequately protect her own interests with regard to the pending summary judgment motion without awaiting ruling on her late-filed Motion for Joinder. Because Walker has not shown that a stay would serve any constructive, valid purpose, the Court declines to exercise its discretion in favor of entering a stay at this time.

For all of the foregoing reasons, it is **ordered** as follows:

1. Defendant Carla Walker's first Motion for Leave to File Motion for Joinder (doc. 36) is **moot**.
2. Defendant Carla Walker's second Motion for Leave to File Motion for Joinder (doc. 37) is construed as the underlying Motion for Joinder itself. Defendant Ursula Allen has already filed an Objection (doc. 39) to the Motion for Joinder. Any reply by Walker must be filed on or before **October 7, 2014**.
3. Defendant Carla Walker's Motion to Stay Proceedings (doc. 38) is **denied**.
4. Per the Court's previously entered briefing schedule (doc. 32), Walker's response to the pending Motion for Summary Judgment is due on or before **October 6, 2014**, with any reply by Allen to be filed not later than **October 20, 2014**.

DONE and ORDERED this 2nd day of October, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE