IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION 13-0613-WS-B |
| URSULA C. ALLEN, *et al.*, | ) ) ) | |
| Defendants. | ) | |

ORDER

This matter comes before the Court on defendant Carla Walker's Motion for Joinder (doc. 37). The Motion has been briefed and is now ripe for disposition.

I. **Background.**

Plaintiff, John Hancock Life Insurance Company (U.S.A.), commenced this action pursuant to Rule 22, Fed.R.Civ.P., by filing a Complaint in Interpleader (doc. 1) on December 16, 2013. The caption of the Complaint listed as defendants Ursula C. Allen; "Carla L. Walker, individually;" "Carla L. Walker, as Executrix of the Estate of Ulysses Allen;" and "Carla L. Walker, as Trustee of the Ulysses Allen Living Trust." No other defendants were named in the caption or the body of the Complaint; indeed, the "Parties" section of the pleading consisted of three short paragraphs, one each devoted to John Hancock, Ursula Allen, and Carla L. Walker. With respect to Walker, the Complaint identified her as follows: "Carla L. Walker is an individual over the age of 19 residing in Mobile County, Alabama. Thus, Carla L. Walker is a citizen of the State of Alabama." (Doc. 1, ¶ 3.) No mention is made of Walker representing the Estate of Ulysses Allen or of the Estate being a defendant / claimant in its own right.

According to the well-pleaded factual allegations of the Complaint, John Hancock issued an annuity contract bearing number FX07102989 (the "Annuity Contract") to Ulysses Allen in approximately December 2005. The application materials for that Annuity Contract listed the primary beneficiary as "Estate." (Doc. 1, ¶ 5.) The Complaint reflects that John Hancock received a Change of Owner and/or Beneficiary form dated September 2, 2011, which purported

to change the primary beneficiary of the Annuity Contract to Ursula C. Allen. (*Id.*, ¶ 6.) This form purportedly bore Ulysses Allen's signature as owner of the Annuity Contract. (*Id.*) According to the Complaint, Ulysses Allen died on June 11, 2013, leaving John Hancock ready and willing to pay out Annuity Contract benefits in the amount of approximately $88,000. (*Id.*, ¶¶ 8-9.) John Hancock alleges that Ursula C. Allen submitted a Beneficiary Claim Statement in July 2013 claiming entitlement to those funds as beneficiary. (*Id.*, ¶ 10.) Walker also made a claim, described in the Complaint as follows:

> "John Hancock has also received correspondence from Carla L. Walker alleging that Ursula C. Allen forged the signature of Ulysses Allen on the change of beneficiary form. Carla L. Walker has also submitted to John Hancock what purports to be the will of Ulysses Allen, in which Carla L. Walker is named as 'Executor' of the will and the beneficiary of the entire estate, in her capacity as 'Trustee of the Living Trust.'"

(*Id.*, ¶ 11.) The Complaint alleges that "[t]he dispute between Ursula C. Allen and Carla L. Walker remains unresolved." (*Id.*, ¶ 13.) Based on these allegations, John Hancock sought leave to deposit the Annuity Contract proceeds in the court registry, and thereafter to be discharged and otherwise granted relief under the interpleader mechanism of Rule 22.

Upon receiving leave of court, John Hancock deposited the sum of $93,387.32 with the Clerk of Court on May 2, 2014. (*See* doc. 22.) Those funds are presently on deposit in an interest-bearing account in the Court Registry Investment System, pending final adjudication of the conflicting claims brought by Ursula C. Allen and Carla L. Walker. Having fully complied with its Rule 22 obligations, John Hancock was discharged from this matter via Order (doc. 35) entered on September 19, 2014.

This case now proceeds solely as between Ursula C. Allen and Carla L. Walker, the competing claimants. For her part, Walker (by and through counsel of record) filed an Answer (doc. 13) on February 3, 2014. This Answer does not purport to have been filed by or on behalf of anyone other than "Carla L. Walker," in her individual capacity. In other words, nothing in Walker's pleading suggested that she was bringing a claim in any capacity but her own (*i.e.*, she did not purport to be appearing on behalf of the Estate of Ulysses Allen). The same is true of the Report of Parties' Planning Meeting (doc. 17), which is devoid of any indication that Walker is litigating her claim to the Annuity Contract benefits on behalf of anyone or anything other than herself.

On March 14, 2014, Magistrate Judge Bivins entered a Rule 16(b) Scheduling Order (doc. 19) in this case, setting forth various pretrial deadlines and litigation requirements. Of particular note, the Scheduling Order included a provision stating that "[a]ny motion for leave to amend the pleadings or to join other parties must be filed by **May 30, 2014**." (Doc. 19, ¶ 5.) At no time prior to this May 30 deadline did Walker or anyone else file a motion for joinder or request an enlargement of said period for joining additional parties.

Nonetheless, on October 1, 2014, Walker filed a Motion for Joinder (doc. 37), in which she requested that "the Court enter an order joining Frank Kruse, the Administrator *ad colligendum* of the Estate of Ulysses Allen, as a necessary party to this action." (*Id.* at 4.) Without Kruse's involvement, Walker reasoned, "this Court cannot accord complete relief among existing parties," and Kruse's "ability to fully protect the interest of the Estate of Ulysses Allen" would be jeopardized. (*Id.*) Ursula Allen has filed an Objection (doc. 39), setting forth her position that the Motion for Joinder is due to be denied as untimely, and because Kruse is not a necessary party. On October 9, 2014, during the pendency of this Motion for Joinder, Kruse (a Mobile attorney) transmitted an email to claimants' counsel setting forth his position on the Motion for Joinder, as follows:

> "My role is extremely limited as an Administrator ad Colligendum. I am more or less a caretaker of the status quo for the estate until it is decided whether the Will is to be probated or not. … I'm not even sure that my limited authority includes joining this type of lawsuit. … I do not seek to be added [as a party in this interpleader action], but I am not unwilling to be added, so if it is determined that I am a necessary party to the proceedings, by all means add me. I'll accept service and file some sort of answer that says I don't know anything."

(Doc. 45, Exh. 1.)

## II. Analysis.

### A. *The Motion for Joinder is Untimely.*

Ursula Allen's first ground for objecting to the Motion for Joinder is that it comes too late. Again, the applicable Scheduling Order fixed a deadline of May 30, 2014, for motions to join other parties; however, Walker did not file her Motion to join the Administrator *ad colligendum* until October 1, 2014, more than four months after that deadline expired and, indeed, six weeks after the discovery cutoff date.

The law is clear that "[a] plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed.R.Civ.P. 16(b)."

*Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009); *see also Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)."). [1] Pursuant to that rule, "[a] schedule may be modified only for good cause and with the judge's consent." Rule 16(b)(4), Fed.R.Civ.P. The "good cause" standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (citation and internal quotation marks omitted).[2] "This rule is strictly enforced, particularly where, as here, the nonmovant has objected to the proposed amendment as untimely under the applicable scheduling order." *Roberson v. BancorpSouth Bank, Inc.*, 2013 WL 4870839, *1 (S.D. Ala. Sept. 12, 2013). The burden of establishing the requisite good cause / diligence rests on Walker, the party seeking relief from the Scheduling Order. *See, e.g., Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3rd Cir. 2010) ("Rule 16(b)(4) focuses on the moving party's burden to show due diligence.").[3]

---

[1] The rationale for such a stringent requirement has been articulated as follows: "[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded … Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Rogers v. Hartford Life and Acc. Ins. Co.*, 2012 WL 2395194, *1 n.3 (S.D. Ala. June 22, 2012) (citation omitted); *see also Baker v. U.S. Marshal Service*, 2014 WL 2534927, *2 (D.N.J. June 5, 2014) ("Extensions of time without good cause would deprive courts of the ability to effectively manage cases on their overcrowded dockets and would severely impair the utility of Scheduling Orders.").

[2] *See also Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent."); *Jackson v. Odenat*, --- F. Supp.2d ----, 2014 WL 1202745, *6 (S.D.N.Y. Mar. 24, 2014) ("[t]he touchstone of good cause is the moving party's diligence"); *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672-73 (S.D. Fla. 2012) ("diligence is the key to satisfying the good cause requirement"); *Southern Track & Pump, Inc. v. Terex Corp.*, 722 F. Supp.2d 509, 521 (D. Del. 2010) ("the good cause standard under Rule 16(b) hinges on diligence of the movant") (citation omitted).

[3] *See also Pittman ex rel. Sykes v. Franklin*, 2008 WL 2521222, *6 n.5 (6th Cir. June 24, 2008) (recognizing movant's "obligation to demonstrate 'good cause' for failing to comply with the district court's scheduling order"); *Benchmark Young Adult School, Inc. v. Launchworks Life Services, LLC*, 2014 WL 3014720, *2 (S.D. Cal. July 3, 2014) ("The party seeking to continue or extend the deadlines bears the burden of proving good cause."); *Baker*, (Continued)

Walker has failed to make any showing that might demonstrate diligence to satisfy her burden under the Rule 16(b)(4) good cause standard. The Court has been given no explanation why Walker waited until October 1 to file a Motion for Joinder, when the applicable Scheduling Order fixed a deadline of May 30 for any such motions. It appears that Walker seeks to shift the blame to John Hancock, inasmuch as she asserts that "John Hancock failed in its due diligence to properly identify all the proper parties" and that "Carla Walker seeks to correct this error now." (Doc. 43, at 1.) This rationale is unsatisfactory, inasmuch as Walker was, or should have been, aware of the purported "error" from the outset of this action. *See, e.g., Kendall v. Thaxton Road LLC*, 2011 WL 3903400, *5 (11th Cir. Sept. 7, 2011) (no Rule 16(b)(4) good cause where "the facts with which Kendall wished to amend his complaint were known to Kendall at the time he filed his initial complaint").[4] Indeed, she knew or should have known back in February 2014 that neither Kruse nor a generic Administrator *ad colligendum* of the Estate of Ulysses Allen had been named as defendants herein. If Walker felt that they were necessary parties, she could and should have spoken up then. The time for Walker to "correct this error," assuming that it was an

---

2014 WL 2534927, at *2 ("The moving party has the burden of demonstrating that despite its diligence it could not reasonably have met the Scheduling Order deadline."); *ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, 2014 WL 1431720, *1 (M.D.N.C. Apr. 14, 2014) ("Appropriately, the burden to justify a departure from the rules set forth in the Court's scheduling order is on the moving party.") (citations and internal marks omitted); *Quinn v. Deutsche Bank Nat'l Trust Co.*, 2014 WL 977632, *4 (S.D. Ala. Mar. 12, 2014) (addressing movant's "attempt to meet his burden under Rule 16(b)(4)").

[4] *See also Ross v. American Red Cross*, 2014 WL 289430, *8 (6th Cir. Jan. 27, 2014) ("A plaintiff does not establish 'good cause' to modify a case schedule to extend the deadline to amend the pleadings where she was aware of the facts underlying the proposed amendment to her pleading but failed, without explanation, to move to amend the complaint before the deadline."); *Soroof Trading Development Co., Ltd. v. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012) ("if the proposed amendment relies on information that the party knew or should have known prior to the deadline, leave to amend is properly denied"); *In re Acceptance Ins. Cos., Inc., Securities Litigation*, 352 F. Supp.2d 928, 933 (D. Neb. 2003) ("when a motion to amend a complaint is based on allegedly new information that the plaintiff knew, or through the exercise of reasonable effort could have known at an earlier time, the motion should be denied"); *Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 225 (D.N.J. 2014) ("Defendant bears the burden of showing good cause under Rule 16 to persuade the Court that, despite its diligent efforts, it was unable to know until long after … its deadline for seeking leave to amend its pleading, that it had a counterclaim against Korrow").

error, was prior to the May 30, 2014 deadline established by the Scheduling Order, not four months later.

Carla Walker's alternative explanation for her delay fares no better. In it, she reasons that "[t]he Estate of Ulysses Allen has always been a party to this action" (doc. 43, at 1-2), so really Walker is not joining a new party at all. This assertion is demonstrably counterfactual. John Hancock's Complaint does not name either the Estate of Ulysses Allen or its Administrator as a party defendant. By all appearances, John Hancock was under no obligation to name the Estate or Administrator as parties defendant, simply because it had never been contacted by the Estate of Ulysses Allen or its Administrator making a claim to the Annuity Contract benefits. The only claims John Hancock ever received for those benefits were made by Ursula Allen and Carla Walker, so those were the only competing claimants that John Hancock named as defendants. The Estate of Ulysses Allen has never been a party to this case; therefore, Walker cannot circumvent the Scheduling Order deadline or the good cause requirement of Rule 16(b)(4) by suggesting otherwise.[5]

For all of these reasons, the Motion for Joinder is properly **denied** as untimely because it was filed more than four months after the applicable Scheduling Order deadline, and Walker has failed to meet her burden of showing that she could not have complied with that deadline despite her diligence.

### B. *The Estate is Not a Necessary Party.*

Even if Walker's Motion for Joinder had comported with the governing deadlines of the Scheduling Order, the result would be unchanged. While the Motion does not identify the procedural rule or other authority under which she is proceeding, Walker repeatedly characterizes Kruse as a "necessary party" and insists that, without him, "this Court cannot accord complete relief among existing parties." (Doc. 37.) This is the language of Rule 19, which provides that joinder of a person is required if "in that person's absence, the court cannot

---

[5] Inclusion of the phrase "Carla L. Walker, as Executrix of the Estate of Ulysses Allen" in the caption of the Complaint does not warrant a contrary conclusion. By all appearances, John Hancock named Walker in three different capacities (individually, as Executrix, and as Trustee) because she held herself out as all of those things. There is no indication, however, that John Hancock intended to name, or did name, the Estate as a claimant / defendant herein.

accord complete relief among existing parties." Rule 19(a)(1)(A), Fed.R.Civ.P. Accordingly, the undersigned construes the Motion for Joinder as having been brought under Rule 19(a).[6]

Under Rule 19, "[a] party is considered 'necessary' to the action if the court determines … that complete relief cannot be granted with the present parties." *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999). Walker invokes only this iteration of the Rule 19 test, positing that complete relief cannot be accorded among existing parties because "[d]isposition of this case could include proceeds from this action being paid to the Estate of Ulysses Allen." (Doc. 37, at 4.) Here is the problem with Walker's reasoning: John Hancock initiated this interpleader suit under Rule 22, which provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Rule 22(a)(1), Fed.R.Civ.P. The only claims that John Hancock received for the Annuity Contract proceeds were those of Ursula Allen and Carla Walker. No one else submitted a claim for those benefits. More precisely, the Estate of Ulysses Allen did not present a claim to John Hancock (except insofar as Carla Walker may have been acting on the Estate's behalf, which is unclear at this time). In his capacity as Administrator *ad Colligendum* of the Estate, Kruse never submitted a claim to John Hancock. The parties that John Hancock joined as defendants in this lawsuit are the only two claimants that have ever surfaced, to-wit: Ursula Allen and Carla Walker. This Court can certainly grant complete relief in resolving the competing claims of those two persons to the funds John Hancock deposited in the court registry without joining Kruse, who is not now and never has been a claimant.

Simply put, joinder of the Administrator *ad Colligendum* of the Estate of Ulysses Allen is unnecessary to resolve the competing claims of Ursula Allen and Carla Walker for the subject funds. If Carla Walker prevails, then she may be correct that the result will be "proceeds from this action being paid to the Estate of Ulysses Allen." (Doc. 37, at 4.) But Walker neither explains why nor presents any authority for the proposition that interpleaded funds could not be paid out to the Estate absent the Administrator's participation as a party defendant (particularly

---

[6] There is no doubt that Rule 19 principles apply in the interpleader context. *See, e.g., Ohio Nat. Life Assur. Corp. v. Langkau ex rel. Estate of Langkau*, 353 Fed.Appx. 244, 251 (11th Cir. Nov. 17, 2009) ("The Supreme Court has held that an interpleader action cannot proceed in the absence of a party who must be joined in accordance with the standard set forth in Rule 19 of the Federal Rules of Civil Procedure.").

if, as has been suggested, Walker purports to be speaking for the benefit of the Estate, as well as on her own behalf).[7] Accordingly, Walker's Motion for Joinder is also due to be denied on the separate and independent ground that Kruse is not a necessary (or, in the parlance of the current version of the rule, a required) party within the meaning of Rule 19(a).

### C. *Walker Cannot Force the Administrator to Participate via Rule 19.*

Setting aside the Court's determinations that the Motion for Joinder is untimely and that joinder is inappropriate under Rule 19(a) because the Administrator *ad Colligendum* is not a required party, the Motion for Joinder fails for a third reason as well. The Eleventh Circuit has emphasized the importance of "pragmatic concerns" in the Rule 19(a) inquiry. *See Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1280 (11th Cir. 2003). Here, those pragmatic concerns reveal that joinder of Kruse would be inappropriate and ultimately futile.

The impulse driving Walker's Motion appears to be her belief that the Administrator *ad Colligendum* should assert a claim for the Annuity Contract benefits on behalf of the Estate of Ulysses Allen. In one of her briefs, Walker declares that "the administrator is under an obligation to protect the interests of the estate" (doc. 43, at 2), and suggests that he is shirking that duty by remaining on the sidelines in this dispute. But the record before the Court unambiguously confirms that Kruse's non-involvement in this matter is entirely voluntary and

---

[7] It appears that what Walker is really arguing is that her claim to the Annuity Contract benefits will be strengthened if the Administrator *ad Colligendum* is in the case. In her view, Walker may be more likely to prevail in this litigation if Kruse is joined. However, that is a different question from whether Kruse is a claimant whose joinder is necessary to accord complete relief. The Administrator has never affirmatively asserted a claim to the subject funds, and has disclaimed any wish to do so. While Walker has made a claim (perhaps solely on her own behalf, perhaps purporting to do so on behalf of the Estate as well), she now appears concerned that her claim may be faulty insofar as it is interposed on behalf of the Estate. If that is so (and the Court expresses no opinion on that question at this time), then Walker's claim may be infirm to the extent she is purporting to act for the Estate. But the Court is fully able to evaluate the strength or weakness of Walker's claim (whatever it may be) without Kruse's joinder. Simply put, Walker's claim is what it is. Although Walker may believe that Kruse's presence would somehow bolster her claim, nothing in the court file shows that the Administrator *ad Colligendum*'s presence is necessary to enable the undersigned to adjudicate the competing claims of Carla Walker and Ursula Allen, which are the only claims asserted by anyone as to the interpleaded funds. To say that one's claim would fare better if another party were added (as Walker does) is analytically and logically distinct from saying that complete relief cannot be granted unless that party is added (the Rule 19 test).

intentional on his part. This is not a case in which Kruse has been locked out of these proceedings against his wishes, or in which he has professed a desire to interpose a claim for the subject funds on behalf of the Estate if only joinder were permitted. To the contrary, Kruse's position is that "I do not seek to be added" as a claimant/defendant in this lawsuit. Furthermore, Kruse goes on to say that if he is joined as a party in his capacity as Administrator *ad Colligendum*, he simply intends to "file some sort of answer that says I don't know anything." (Doc. 45, Exh. 1.) Thus, if joinder were granted, the Administrator *ad Colligendum* would be a reluctant, passive party, would not assert any new or different claims on the Estate's behalf, and would file a pleading disclaiming any knowledge of anything.

What does this mean? Well, in pragmatic terms, it means that nothing would change if Kruse were to be added as a party. The only claimants would still be Carla Walker and Ursula Allen. Walker's claim would still have whatever legal strengths and weaknesses it has now (*i.e.*, if she purports to be claiming Annuity Contract benefits on behalf of the Estate, then any factual or legal deficiencies in her ability to do so would remain with or without the Administrator's joinder). The presence of the Administrator, without more, would not confer on Walker the right to speak for the Estate to a greater or lesser extent than she could in the Administrator's absence. So Walker's claim would be exactly what it is now, nothing more and nothing less. More importantly, the Administrator does not intend to speak at all in this litigation, other than to say, "I don't know anything," such that there would not be any new claims, facts, or arguments to alter the landscape of this interpleader lawsuit from its current status.

The point here is simple: If Walker's objective is to force the Administrator to assert a claim to the subject funds on behalf of the Estate, she cannot achieve it through the blunt instrument of joining Kruse as a party. Rightly or wrongly (and the Court expresses no opinion on the matter), the Administrator *ad Colligendum* has made a determination that he need not join this lawsuit or interpose a claim to the Annuity Contract benefits in order to fulfill his legal obligations to the Estate, and that he will do the minimum (*i.e.*, file a responsive pleading disclaiming any knowledge) if joined. Even if she succeeded in joining Kruse as a defendant, Walker could not force him to change his mind, interpose a claim, and actively litigate the matter on the Estate's behalf. Thus, joinder would accomplish nothing. Had Kruse wished to make a claim on behalf of the Estate, he could have; however, he elected not to do so. If Walker feels that Kruse is not fulfilling his "obligation to protect the interests of the estate" (doc. 43, at 2),

then that is a matter outside the scope of this litigation, the sole purpose of which is to decide the competing claims of Ursula Allen and Carla Walker for the interpleaded funds.

In short, from a pragmatic standpoint, granting Walker's Motion for Joinder would be an empty exercise that would not yield any additional claims, viewpoints or arguments. It would do nothing more than add as a party an Administrator *ad Colligendum* who has made it abundantly clear that he does not seek to be here and does not have anything to say if he is joined. The law does not require or endorse such futile acts; therefore, the Court would deny the Motion for Joinder on that basis, independently of the other reasons outlined *supra*.

## III. Conclusion.

For all of the foregoing reasons, defendant Carla Walker's Motion for Joinder (doc. 37) is **denied**. The Clerk's Office is directed to mail a copy of this Order to Frank Kruse, Esq., 215 S. Cedar St., Mobile, AL 36602.

DONE and ORDERED this 28th day of October, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE